UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| WILLIAM HOLLY, | ) | |
|     Petitioner, | ) | |
|     v. | ) | CAUSE NO. 3:13-cv-00546-PPS |
| SUPERINTENDENT, | ) | |
|     Respondent. | ) | |

## **OPINION AND ORDER**

The procedural history of this case is long and complicated. The respondent argues that this habeas corpus petition is untimely and that the claims were not exhausted. However, a "procedural-bar issue [need not] invariably be resolved first," *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997), and "the AEDPA statute of limitations defense is not jurisdictional." *Holland v. Florida*, 560 U.S. 631, 645 (2010) (quotation marks and ellipsis omitted). This means that "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C.A. § 2254(b)(2). Because none of the three claims raised by William Holly, a *pro se* prisoner, have any merit, "[j]udicial economy . . . counsel[s] giving the[m] priority, [because they are] easily resolvable against the habeas petitioner . . . ." *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997).

The three claims presented in this case are the same three claims that Holly presented to the Court of Appeals of Indiana which affirmed the denial of his State habeas corpus petition. Because the State court adjudicated these claims on the merits, I can only grant habeas corpus if that ruling was an unreasonable determination of either

the facts or the law. 28 U.S.C. § 2254(d). Here is how the State court explained the basic facts of this case:

> In the early 1990's [*sic*], Holly was serving a federal sentence in Pennsylvania when he was brought to Indiana to face charges of attempted murder, rape, and robbery. In 1994, Holly was convicted and sentenced to fifty years for attempted murder, twenty years for rape, and eight years for robbery—to run consecutively, for a total term of seventy-eight years.
> Holly was required to complete his federal sentence in Pennsylvania before serving his state sentence in Indiana. Holly was returned to Pennsylvania by a private prisoner-transportation company, TransCor America. On the way back to Pennsylvania, Holly was briefly housed in correctional facilities in Michigan and Ohio. Although Holly was returned to Pennsylvania to serve the remainder of his federal sentence, his state sentence began running while he did so. After his federal sentence was complete, in June or July 1995, Holly was returned to Indiana and incarcerated in the Wabash Valley Correctional Facility with an earliest possible release date of 2036.

*Holly v. Indiana*, No. 52A04-1109-MI-492, 980 N.E.2d 448 (table), at *1, 2012 Ind. App. Unpub. LEXIS 1634, at *1-2 (Ind. Ct. App., Dec. 28, 2012); DE 42-14 at 15.

Holly's first claim is that the State was in default because its response to his State habeas corpus petition in the Miami Circuit Court was late. The Court of Appeals of Indiana explained that because the deadline fell on Saturday, Indiana Trial Rule 6(A) automatically extended the deadline to the following Monday – which is when the response was filed. DE 42-14 at 18-19. That was not an unreasonable determination. The State's brief was not late. But even if it had been two days late as Holly argues, releasing him from his 78-year sentence for robbery, rape, and attempted murder would not have been an appropriate remedy because "habeas corpus relief is not to be used as a remedy

2

for harmless technical violations." *Lemons v. O'Sullivan*, 54 F.3d 357, 365 (7th Cir. 1995) *citing Waletzki v. Keohane*, 13 F.3d 1079 (7th Cir.1994).

What's more, this kind of procedural issue during a State collateral proceeding is not an independent basis for federal habeas corpus relief. That is because habeas corpus review is "limited to deciding whether a *conviction* violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) (emphasis added). "Unless state collateral review violates some independent constitutional right, such as the Equal Protection Clause, *see, for example*, *Lane v. Brown*, 372 U.S. 477, 484-85 (1963); *Smith v. Bennett*, 365 U.S. 708 (1961), errors in state collateral review cannot form the basis for federal habeas corpus relief." *Montgomery v. Meloy*, 90 F.3d 1200, 1206 (7th Cir. 1996) (parallel citations omitted). In *Lane* and *Smith*, indigent inmates were unable to attack their convictions because they could not afford to pay the required filing fees while non-indigent inmates could do so. Here, even if the State's brief had been filed two days late, it would not have undermined the validity of his conviction or sentence, nor would it have been an independent constitutional violation. Therefore this claim cannot be a basis for habeas corpus relief.

Second, Holly argues that his Indiana sentence should not have run concurrent to his federal sentence. This argument is more than a bit perplexing. Concurrent sentences run at the same time and allow an inmate to get prison credit for the same day on separate sentences. The alternative is a consecutive sentence where the inmate must complete the first sentence before he starts the second one. A concurrent sentence

allows an inmate to get out of prison sooner than he would if he served consecutive sentences. Nevertheless, Holly makes this argument because he believes that Indiana law did not permit a concurrent sentence in his case and therefore the sentence is void. The Court of Appeals of Indiana found "no authority for the proposition that the concurrent running of his federal and state sentences was improper." DE 42-14 at 19. It also found that even if Indiana law had required consecutive sentences, the proper remedy would have been re-sentencing, not release. If that had happened, Holly would spend more time in prison – clearly not the result he is looking for and clearly not a basis for habeas corpus relief. Moreover, even if the Indiana courts have misinterpreted Indiana law and sentenced Holly to less time than required by State statute, "federal habeas corpus relief does not lie for errors of state law." *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) (citing *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990))). Being given a lesser sentence than permitted by State law does not violate the constitution and "Federal courts may not issue writs of habeas corpus to state prisoners whose confinement does not violate federal law." *Wilson v. Corcoran*, 562 U.S. 1, 1 (2010). Therefore this claim cannot be a basis for habeas corpus relief.

Third, Holly argues that Indiana lost jurisdiction over him (and lost the authority to enforce the criminal sentence against him) because the State delayed in returning him to federal prison after he was convicted and sentenced in Indiana. This is how the Court of Appeals of Indiana explained and resolved this claim:

> Specifically, Holly claims that after being convicted in Allen County in 1994, he was to be immediately returned to the federal penitentiary in

> Pennsylvania, but instead made multiple stops and was housed in correctional facilities in Michigan and Ohio along the way.
>
> The [Interstate Agreement on Detainers] IAD is codified at Indiana Code section 35-33-10-4. Article 5(e) of the IAD provides that, "at the earliest practicable time consonant with the purposes of this agreement, the prisoner shall be returned to the sending state." Ind. Code § 35-33-10-4 (emphasis added). The IAD does not require an immediate return to the sending state, as Holly claims. Nor has Holly shown that his return to Pennsylvania was not practicable or otherwise contrary to the purpose of the IAD. The trial court did not err in denying Holly relief on this basis.

DE 42-14 at 19-20. Before I could grant habeas corpus relief on this claim, I would have to find that Holly had demonstrated that the State court's interpretation of the Interstate Agreement on Detainers, 18 U.S.C. app. § 2, unreasonably applied "clearly established Federal law, as determined by the Supreme Court of the United States . . . . " 28 U.S.C. § 2254(d)(1). "[I]f the circumstances of a case are only 'similar to' [Supreme Court] precedents, then the state court's decision is not 'contrary to' the holdings in those cases." *Woods v. Donald*, 575 U.S. __, __; 135 S.Ct. 1372, 1377 (2015). Moreover, when United States Supreme Court cases fail to give a "clear answer to the question presented, let alone one in [the petitioner's] favor, it cannot be said that the state court unreasonably applied clearly established Federal law." *Wright v. Van Patten*, 552 U.S. 120, 125 (2008) (quotation marks, brackets, and citation omitted). Such is the case here. The United States Supreme Court has only mentioned this provision of the IAD one time. Here is what said:

> In concluding that objection to a specified delay may be waived, we are mindful that the sending State may have interests distinct from those of the prisoner and the receiving State. This case does not involve any objection from the sending State, and we do not address what recourse the sending State might have under the IAD when the receiving State and

5

> prisoner agree to, and the court allows, an inordinate delay. *Cf.* Article V(e)("At the earliest practicable time consonant with the purposes of this agreement, the prisoner shall be returned to the sending State").

*New York v. Hill*, 528 U.S. 110, 118 n.3 (2000). That brief mention in a footnote gave no guidance as to how to how promptly or directly a State must return a prisoner after the end of trial. Neither does it even hint that doing otherwise gives rise to a basis for habeas corpus relief or renders unenforceable the sentence imposed by the "dilatory" State. As such, this claim is not a basis for habeas corpus relief.

Finally, pursuant to Rule 11 of the Rules Governing Section 2254 Cases, I must decide whether to grant a certificate of appealability. To obtain a certificate of appealability under 28 U.S.C. § 2253(c), the petitioner must make a substantial showing of the denial of a constitutional right by establishing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, for the reasons explained in this opinion, Holly has not made such a showing and will be denied a certificate of appealability.

For the foregoing reasons, the habeas corpus petition is **DENIED**. This case is **DISMISSED**. William Holly is **DENIED** a certificate of appealability.

**SO ORDERED**.

ENTERED: August 10, 2015

/s/ Philip P. Simon
Chief Judge
United States District Court